UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DONNA L. WELLS,                )                                 | |
|                                              )                                 | |
|         Plaintiff         )                                 | |
|                                              )                                 | |
| v.                                          )                                 Civil No. 04-169-P-DMC |
|                                              )                                 | |
| STATE MANUFACTURED HOMES, INC.,   ) | |
| et al.,                                   )                                 | |
|                                              )                                 | |
|         Defendants    )                                 | |

# ORDER ON MOTION *IN LIMINE*[1]

The defendants, State Manufactured Homes, Inc. and Theresa M. Desfosses, move *in limine* pursuant to Federal Rule of Civil Procedure 37(c)(1) to preclude introduction at trial of psychiatric records of the plaintiff, Donna L. Wells. *See* Defendant's [sic] State Manufactured Homes, Inc. and Theresa M. Desfosses's Motion in Limine to Exclude Plaintiff's Psychiatric Records (Docket No. 56); Defendant's [sic] State Manufactured Homes, Inc. and Theresa M. Desfosses's Memorandum in Support of Motion in Limine to Exclude Plaintiff's Psychiatric Records (Docket No. 56). After careful review of the motion papers and with the benefit of a teleconference with counsel held December 12, 2005, I deny the motion.

Federal Rule of Civil Procedure 26(e)(2) provides, in relevant part:

> A party who has . . . responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Jude David M. Cohen conduct all proceedings in this case, including trial, and to order the entry of judgment.

1

>information thereafter acquired if ordered by the court or in the following circumstances:
>
>* * *
>
>A party is under a duty seasonably to amend a prior response to an interrogatory [or] request for production . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(2).

In response to a July 2004 request from the defendants for production of medical and psychiatric records, the plaintiff that month produced records through that date. Despite at least two subsequent requests by the defendants, the plaintiff did not provide the defendants with updates of her psychiatric records until on or about December 2, 2005, subsequent to filing of the instant motion. The plaintiff, who complains of ongoing violations of the federal Fair Housing Act and the Maine Human Rights Act predicated on her alleged disability of Major Depressive Disorder ("MDD"), should have supplemented her initial disclosure of psychiatric records pursuant to Rule 26(e)(2) by providing in a timely fashion the records she eventually belatedly disclosed to the defendants on or about December 2, 2005.

>Federal Rule of Civil Procedure 37(c)(1) provides, in relevant part:
>
>A party that without substantial justification fails . . . to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any . . . information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1).

The plaintiff contends that her belated disclosure was substantially justified because she believed, in good faith, that disclosure was not required pursuant to Rule 26(e)(2). *See* Plaintiff's Opposition to Defendants' Motion in Limine To Exclude Medical Records (Docket No. 62) at 6-7. Such a belief does not constitute substantial justification for failure to supplement a discovery request in a timely fashion. Were that the case, the exception would swallow the rule: Almost every litigant would be able to claim substantial justification for tardy supplementation.

Nonetheless, I am persuaded that the plaintiff's default, in this case, was harmless. During the teleconference, the defendants' counsel conceded that his clients are not prejudiced in terms of trial preparation. However, he asserted that they were prejudiced in that he was unable to file a motion seeking leave to file a belated dispositive motion in which he would have requested judgment in their favor on the basis that the plaintiff seemingly no longer suffered from MDD.

The records belatedly provided to the defendants include treatment notes of monthly counseling sessions with therapist Alex Rossman for the period from July 2004 through December 16, 2004. Following that time, there is only one record of psychiatric treatment, on May 31, 2005. No records of psychiatric treatment are known to exist covering the period from December 17, 2004 through May 30, 2005 or the period after May 31, 2005. The May 31, 2005 record of the plaintiff's treating psychiatrist, Dr. Gold, noted the approximately six-month gap in treatment of the plaintiff and the departure from Maine Medical Center of therapist Rossman. Dr. Gold also noted that the plaintiff did not want counseling on a regular basis at that time. However, Dr. Gold increased the dosage of the plaintiff's psychiatric medication. There is no indication in the May 31, 2005 note that the plaintiff was discharged from Dr. Gold's care.

It is questionable whether the belated records reveal cessation of treatment for MDD or cessation of MDD or whether such a cessation would have doomed the plaintiff's entire case. In any

event, the deadline for filing dispositive motions in this case was January 26, 2005. Even had the updated records been timely provided, the defendants' counsel would not have been in a position to file for leave to file a tardy dispositive motion until early June 2005. In the circumstances, such leave assuredly would have been denied. Inasmuch as I am satisfied that the plaintiff's tardy production of updated psychiatric records was harmless, the defendants' motion to exclude those records is denied.[2]

*SO ORDERED.*

Dated this 13th day of December, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

[2] During the teleconference Defendants' counsel requested, and Plaintiff's counsel agreed to provide, updated medical records as well.