# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

DONNA L. WELLS,                      )
                                     )
                    Plaintiff        )
                                     )
v.                                   )        Civil No. 04-169-P-DMC
                                     )
STATE MANUFACTURED HOMES, INC.,      )
et al.,                              )
                                     )
                    Defendants       )

# ORDER ON MOTIONS *IN LIMINE*[1]

Donna L. Wells moves *in limine* to exclude (i) testimony of Keri Anne Johnson, (ii) evidence of Wells' alleged substance abuse and (iii) evidence tending to show undue hardship arising from Wells' request for reasonable accommodation. *See* Plaintiff's Motion *In Limine* To Exclude Testimony of Keri Anne Johnson, etc. ("Motion/Johnson Testimony") (Docket No. 59); Plaintiff's Motion *In Limine* To Exclude Evidence of Plaintiff's Alleged Substance Abuse, etc. ("Motion/Substance Abuse") (Docket No. 60); Plaintiff's Motion *In Limine* To Exclude Evidence Showing Undue Hardship as the Result of Plaintiff's Request for Reasonable Accommodation, etc. ("Motion/Undue Hardship") (Docket No. 61). With the benefit of a teleconference with counsel held December 15, 2005 regarding the Motion/Undue Hardship, and after careful review of the papers addressing all three motions, I grant those motions for the reasons that follow.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Jude David M. Cohen conduct all proceedings in this case, including trial, and to order the entry of judgment.

1.    <u>Motion/Substance Abuse</u>

The plaintiff moves to preclude introduction at trial of any evidence of her alleged substance abuse (including, without limitation, an arrest report memorializing her arrest for operating a motor vehicle under the influence of alcohol) on grounds that her alleged substance abuse is irrelevant to any claim or defense in this case and, in any event, unfairly prejudicial.  *See* Motion/Substance Abuse at 1. I agree.

In objecting to the motion, the defendants assert that "[t]he genesis of this alleged disability [depression] and the factors that contributed to it . . . are the central issues of the litigation." Defendants State Manufactured Homes, Inc. and Theresa M. Desfosses' Response to Plaintiff's Motion In Limine To Exclude Evidence of Plaintiff's Substance Abuse ("Response/Substance Abuse") (Docket No. 65) at 1.  However, as the plaintiff rejoins, far from being "central," the cause of her depression is immaterial.  *See* Plaintiff's Reply Memorandum in Support of Her Motion In Limine To Exclude Evidence of Her Alleged Substance Abuse ("Reply/Substance Abuse") (Docket No. 69) at 2.

The plaintiff alleges that the defendants violated the Maine Human Rights Act ("MHRA"), 5 M.R.S.A. § 4582 *et seq*., and the federal Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.,* when, beginning in May 2003, they made repeated written threats to evict her from the Pinecrest Community in Scarborough, Maine for violation of a no-pets policy, even after her attorneys requested that she be permitted to keep her dog, Shep, as a reasonable accommodation of her Major Depressive Disorder ("MDD").  *See* Complaint (Jury Trial Demanded and Injunctive Relief Requested) (Docket No. 1) ¶¶ 4-11, 18-29.  For purposes of both her MHRA and FHA claims, to prove that she was disabled the plaintiff must show, in relevant part, that she had "a physical or mental impairment which substantially limit[ed] one or more of [her] major life activities[.]"  *Loren v. Sasser*, 309 F.3d 1296, 1302 (11th Cir. 2002) (citation and internal quotation marks omitted) (FHA context); *see also, e.g., Soileau v.*

*Guilford of Me., Inc.,* 928 F. Supp. 37, 45 (D. Me. 1996), *aff'd*, 105 F.3d 12 (1st Cir. 1997) (Maine courts consistently look to federal law in interpreting MHRA).

The root causes of the plaintiff's MDD have no bearing on either material issue: whether at the relevant time she suffered from an impairment and whether that impairment caused the requisite substantial limitation.  In any event, as the plaintiff points out, *see* Reply/Substance Abuse at 2, the defendants have conceded that at the time of the events triggering her claim she suffered from MDD, *see* Report of Final Pretrial Conference and Order (Docket No. 57) at 2 n.1.  Thus, for purposes of proving she was disabled, she need show only that, at the relevant time, her impairment substantially limited one or more major life activities.  While the defendants arguably imply that alcoholism (rather than MDD) caused some or all of the plaintiff's limitations, *see* Response/Substance Abuse, as the plaintiff observes, they plan to present no expert evidence at trial, *see* Reply/Substance Abuse at 1; Defendant's [sic] State Manufactured Homes, Inc. and Theresa M. Desfosses's Pretrial Memorandum (Docket No. 53) ¶ 4.  In the absence of such expert opinion testimony, the defendants would invite the jury simply to speculate that the plaintiff's limitations were attributable to alcoholism rather than MDD.  In the circumstances, any slight probative value of the substance-abuse evidence would be outweighed by its potential to confuse and prejudice the jury in this case.  *See* Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

The plaintiff's motion to preclude introduction at trial of evidence of her alleged substance abuse accordingly is granted.

2.     <u>Motion/Johnson Testimony</u>

The foregoing ruling is dispositive of the plaintiff's separate motion to preclude the testimony of Keri Anne Johnson.  In response to the Johnson motion, the defendants clarify that Johnson's testimony would focus on the plaintiff's alcohol abuse.  *See* Defendants State Manufactured Homes, Inc. and Theresa M. Desfosses' Response to Plaintiff's Motion In Limine To Exclude Testimony of Keri Anne Johnson ("Response/Johnson Testimony") (Docket No. 66) at 1.  They posit that Johnson's testimony (to the effect that the plaintiff abused alcohol prior to her MDD diagnosis) would "support[] Defendants' contention that Plaintiff's treating physicians failed to address her alcohol abuse, and that Plaintiff's depression would not have advanced had her physicians treated her alcohol abuse." *Id*. Again, as noted above, (i) the origin of the plaintiff's MDD is irrelevant to her claim that she is disabled for purposes of the FHA and the MHRA and, (ii) in any event, any possible probative value of the Johnson testimony is outweighed by its potential to cause prejudice and confusion. *See* Fed. R. Evid. 403.

I accordingly grant the plaintiff's motion to preclude the defendants from introducing the Johnson testimony at trial.

3.     <u>Motion/Undue Hardship</u>

The plaintiff premised her Motion/Undue Hardship on the defendants' assertion, in response to a written interrogatory, that they did not contend that her request for reasonable accommodation (to allow her dog Shep to live with her despite a no-pets policy) would cause them undue hardship. *See* Motion/Undue Hardship at 2.  In response to that motion the defendants seemingly took the position that they intended to, or wished to preserve the right to, adduce at trial evidence of undue hardship. *See* Defendants State Manufactured Homes, Inc. and Theresa M. Desfosses' Response to Plaintiff's Motion In Limine To Exclude Evidence Showing Undue Hardship (Docket No. 64).  However, during

the teleconference held December 15, 2005 the defendants' counsel clarified that in fact his clients'

position remains the same as it was in response to the written interrogatory: They do not contend that

accommodating the plaintiff would cause them undue hardship.  As I informed counsel during the

teleconference, in light of this clarification, I perceive no basis for denying the motion.  It accordingly

is granted.[2]

      ***SO ORDERED.***

      Dated this 15th day of December, 2005.

                                /s/ David M. Cohen
                                David M. Cohen
                                United States Magistrate Judge

---

[2] The defendants' counsel explained that while his clients did not contend that the plaintiff's request caused them "undue hardship" in a "legal term of art" sense, her request had caused them some difficulty.  By virtue of this ruling the defendants are precluded from introducing evidence at trial of "undue hardship."  It is not clear how evidence of difficulty short of "undue hardship" would otherwise be relevant.  However, should the issue arise at trial, I will of course take it up then.