UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DONNA L. WELLS, )<br>)<br>        **Plaintiff** )<br>)<br>v. )<br>)<br>STATE MANUFACTURED HOMES, INC., )<br>et al., )<br>)<br>        **Defendants** ) | Civil No. 04-169-P-DMC |

## ORDER ON MOTION TO RECONSIDER
### *IN LIMINE* RULING[1]

The defendants, State Manufactured Homes, Inc. and Theresa M. Desfosses, move for reconsideration of my December 15, 2005 order granting plaintiff Donna L. Wells' motion *in limine* to exclude from trial all evidence of her alleged substance abuse. *See* Defendants State Manufactured Homes, Inc. and Theresa M. Desfosses' Motion for Reconsideration of Court's Order Granting Plaintiff's Motion In Limine To Exclude Evidence of Substance Abuse ("Motion To Reconsider") (Docket No. 77); Order on Motions *In Limine* ("Order") (Docket No. 76). For the reasons that follow, I grant the motion and, upon reconsideration, modify my previous ruling in the respect detailed below.

As a threshold matter, I note that the parties set forth seemingly clashing standards of review of motions for reconsideration. The defendants posit that a multi-factor "interests of justice" standard

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge David M. Cohen conduct all
(*continued on next page*)

1

applies. *See* Motion To Reconsider at [1]-[2].[2] The plaintiff suggests that the court summarily should reject any argument or evidence that could have been presented on the first go-round. *See* Plaintiff's Opposition to Defendants' Motion for Reconsideration of Court's Order Granting Plaintiff's Motion *In Limine* To Exclude Evidence of Alleged Substance Abuse ("Reconsideration Opposition") (Docket No. 79) at 1-2. I follow the standard propounded by the defendants. The plaintiff relies primarily on cases addressing postjudgment motions for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). *See id.*; *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 10-11 (1st Cir. 2003); *Vasapolli v. Rostoff*, 39 F.3d 27, 36 (1st Cir. 1994). A ruling on a motion *in limine* is, by its nature, preliminary and can be revisited without the degree of disruption to settled expectations entailed in reconsideration of a final judgment. Employment of the more flexible "interests of justice" standard better suits the context in which the instant motion for reconsideration is raised.

That said, I note that even in the prejudgment arena, the proffering of arguments or evidence that could have been, but were not, timely presented raises institutional concerns. Neither the court nor opposing counsel should be obliged to expend needless time and resources dealing with arguments made on a piecemeal basis, and the court should not be placed in the position of issuing rulings that are subject to change based on further developed argumentation. Such concerns properly are weighed in the balance when assessing whether the interests of justice require reconsideration, as is reflected in the following First Circuit iteration of the interests-of-justice test in the context of a trial court's refusal to reconsider a decision to bar an untimely response to a motion:

> Justice is an ideal that defies precise definition. It is, therefore, impossible to list a series of integers that will necessarily dominate the interests-of-justice equation in every case. We can, however, offer certain rules of thumb to guide the district courts.

---

proceedings in this case, including trial, and to order the entry of judgment.
[2] The defendants' counsel is reminded that Local Rule 7(e) requires that all memorandum pages be numbered at the bottom.

> In determining the motion to reconsider the court's response to the belated filing before us, it would have helped had the district court examined the following seven factors: (1) the nature of the case, (2) the degree of tardiness, (3) the reasons underlying the tardiness, (4) the character of the omission, (5) the existence *vel non* of cognizable prejudice to the nonmovant in consequence of the omission, (6) the effect of granting (or denying) the motion on the administration of justice, and (7) whether the belated filing would, in any event, be more than an empty exercise. We emphasize these particular factors because they assist in demonstrating that there was no reasonable basis for the district court to deny the government's request. The list is merely illustrative. We do not say that courts must necessarily look at each and all of these factors in every case, or that courts cannot, in a proper case, examine other factors. At any rate, the list of factors will require tailoring to reflect the nature of the ruling that underlies the motion to reconsider. Because an interests-of-justice test covers considerable ground, the trial court should strive to acquaint itself with the totality of the relevant circumstances.

*United States v. Roberts*, 978 F.2d 17, 21-22 (1st Cir. 1992).

In their Motion To Reconsider, the defendants not only rehash the basic argument they made in opposition to the motion *in limine* – that substance-abuse evidence would shed light on the underlying causes of the plaintiff's alleged disability – but also add several new contentions, buttressed with citations to the transcript of the deposition of Alex M. Rossman, LCSW. *Compare* Defendants State Manufactured Homes, Inc. and Theresa M. Desfosses' Response to Plaintiff's Motion In Limine To Exclude Evidence of Plaintiff's Substance Abuse (Docket No. 65) *with* Motion To Reconsider. From all that appears, nothing prevented the defendants from offering the new arguments and citing the Rossman deposition during the original round of briefing – a fact that cuts against reconsideration.

Nonetheless, despite the defendants' unfortunate piecemeal approach to the *in limine* motion, I am persuaded that the interests of justice require reconsideration. This is so in view of (i) the inherent difficulty, in the context of an *in limine* motion, of anticipating all possible uses to which evidence might be put at trial, (ii) the defendants' prompt request for reconsideration, (iii) the lack of any cognizable prejudice to the plaintiff, and (iv) the partial merit of the request.

The defendants make no more persuasive a case now than they did initially that the cause of the plaintiff's impairment has any relevance in this case. Nonetheless, they do make a compelling argument that (i) the court's order can be construed as prohibiting them from cross-examining the plaintiff or her expert on any issue that happens to implicate substance abuse (including issues other than the cause of the plaintiff's impairments), and (ii) such a flat ban would unfairly hamper their ability to defend this case.[3]

I accordingly modify my prior order to the extent of clarifying that it does not foreclose the defendants from cross-examining the plaintiff or her expert with respect to substance-abuse issues apart from the asserted "cause" or "origin" of the plaintiff's disability. The plaintiff, for her part, remains free at trial to object to any such line of cross-examination. If and when she does, I will rule on the appropriateness of the question posed.

*SO ORDERED.*

Dated this 12th day of January, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

[3] The defendants also complain that a sentence in the original order incorrectly suggested that the existence of a disability at any time and for any length of time would entitle the plaintiff to an award of damages, with the practical effect that defendants would have to provide a continuing accommodation even if the plaintiff recovered from her alleged disability. *See* Motion To Reconsider at [3]; Order at 3 ("Thus, for purposes of proving she was disabled, she need only show that, at the relevant time, her impairment substantially limited one or more major life activities."). The sentence in question addressed the issue of liability for asserted Fair Housing Act ("FHA") and Maine Human Rights Act ("MHRA") violations. The defendants have raised a separate question whether, for purposes of damages and/or injunctive relief, the plaintiff's alleged disability, if any, persisted beyond the time of the events triggering her claim. *See* Report of Final Pretrial Conference and Order (Docket No. 57) at 2 n.1 ("The defendants concede that the plaintiff suffered from a major depressive disorder at the time of the events triggering her claim, but contend that she no longer suffers from such a disorder, thus limiting her damage claim even if liability is determined in the plaintiff's favor."). Clearly, assuming *arguendo* that the defendants were found liable pursuant to the FHA and MHRA, there would be no duty of continuing accommodation as of the point, if any, at which the plaintiff no longer was "disabled."