**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **DONNA L. WELLS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 04-169-P-DMC** |
| | ) | |
| **STATE MANUFACTURED HOMES, INC., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants** | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR NEW TRIAL OR, IN THE ALTERNATIVE, AMENDMENT OF JUDGMENT**[1]

Plaintiff Donna L. Wells moves pursuant to Federal Rule of Civil Procedure 59 for a new trial or, in the alternative, alteration or amendment of the judgment entered against her on February 21, 2006. *See* Plaintiff's Motion for a New Trial, or To Alter or Amend the Judgment, etc. ("Motion") (Docket No. 118); Judgment (Docket No. 116). For the reasons that follow, I deny the motion.

**I. Applicable Legal Standards**

Federal Rule of Civil Procedure 59 provides, in relevant part:

> **(a) Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge David M. Cohen conduct all proceedings in this case, including trial, and to order the entry of judgment.

> testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.
>
> ***
>
> **(e) Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

Fed. R. Civ. P. 59.[2]

With respect to a motion pursuant to Rule 59(a) for a new trial in the face of a jury verdict, "a district court may exercise its discretion to grant" such a motion "if the verdict is against the weight of the evidence, . . . the damages are excessive, or . . ., for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Rivera Castillo v. Autokirey, Inc.*, 379 F.3d 4, 13 (1st Cir.2004) (citations and internal quotation marks omitted). To the extent the movant argues the verdict was against the weight of the evidence, a district court may set it aside and order a new trial "only if the verdict is so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice." *Id.* (citation and internal quotation marks omitted). "Whether a new trial is warranted based on the misconduct of counsel depends on whether it is reasonably probable that the verdict was influenced by that misconduct." *A-Cal Copiers, Inc. v. North Am. Van Lines, Inc.*, 180 F.R.D. 183, 188 (D. Mass. 1998). "Clearly, in order for the test to even be applied, an attorney must engage in some form of misconduct." *Id.*

With respect to Rule 59(e) motions, this court recently has observed:

> A Rule 59(e) motion to alter or amend judgment covers a broad range of motions; the only real limitation is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment. Rule 59(e) is an appropriate vehicle for reconsideration of a judgment. A motion for reconsideration provides the court with an opportunity to

[2] The plaintiff filed the instant motion on March 7, 2006, within the ten-day limit.

> correct manifest errors of law or fact or to present newly discovered evidence. A court has discretion whether to grant or deny a motion for reconsideration.
>
> There are three circumstances in which a court may appropriately grant a motion for reconsideration: 1) where the court made [a] manifest error of fact or law; 2) where there is newly discovered evidence; and, 3) where there has been a change in the law. A motion for reconsideration is not a means for the losing party to rehash arguments previously considered and rejected.

*Lakshman v. University of Me. Sys.*, 338 F.Supp.2d 162, 164 (D. Me. 2004) (citations and internal quotation marks omitted).

## II. Analysis

### A. Motion To Reopen for Independent Decision on Equitable Relief

On February 17, 2006 – the day after the jury returned a verdict unfavorable to the plaintiff and in response to an oral request by the plaintiff through the clerk's office that I grant the plaintiff the equitable relief she requested in her complaint – I held a telephone conference with counsel during which I explained that (i) the plaintiff having elected to proceed before a jury on the issue of housing-discrimination liability, and (ii) the jury having found no liability, I would (in accordance with that verdict) award no equitable relief to the plaintiff.

The plaintiff now contends, in essence, that she did not seek a jury trial on all liability issues but, rather, envisioned a bifurcated proceeding during which the jury was to decide whether the defendants were liable for the commission of housing discrimination in 2003 (the time frame during which the plaintiff requested an accommodation) and the court was to decide – independently – whether the defendants were liable for housing discrimination currently. *See* Motion at 4-5 ("Although the elements for Wells's legal and equitable claims are identical, each claim requires a separate fact finding because they concern different periods of time.").

This is news not only to the defendants, *see* Defendants State Manufactured Homes, Inc. and Theresa M. Desfosses' Response to Plaintiff's Motion for a New Trial or To Alter or Amend the Judgment (Docket No. 122) at 3-5, but also to me.

Federal Rule of Civil Procedure 38 provides, in relevant part:

> **(b) Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.
>
> **(c) Same: Specification of Issues.** In the demand a party may specify the issues which the party wishes so tried; otherwise the party shall be deemed to have demanded trial by jury for all the issues so triable. If the party has demanded trial by jury for only some of the issues, any other party within 10 days after service of the demand or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.
>
> **(d) Waiver**. . . . A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

Fed. R. Civ. P. 38.

The plaintiff's complaint alleged housing discrimination in violation of both the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*., and the Maine Human Rights Act ("MHRA"), 5 M.R.S.A. § 4582 *et seq*. *See* Complaint (Jury Trial Demanded and Injunctive Relief Requested) ¶ 4, 18-29. For these alleged violations she sought both monetary damages and equitable relief. *See id*. at 6-7. She made crystal-clear that she sought a jury trial as to all issues so triable as of right. *See id*. at 7. These issues included the question of the defendants' liability, if any, for housing discrimination in violation of the FHA and the MHRA. *See, e.g., United States v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1377 (9th Cir. 1997) ("There is no question that the FHA entitles Cohen-Strong to a jury trial for her discrimination claim."); *Abbott v. Bragdon*, 882 F. Supp. 181, 183 (D. Me. 1995) (plaintiff had constitutional right to jury trial to determine his liability with respect to MHRA claim).

The parties never consented to withdrawal of any portion of the liability question from the purview of the jury. Nor, for that matter, can the plaintiff fairly be said even to have put opposing counsel, or the court, on notice that she sought to do such a thing.[3] The only appropriate course of action, in the circumstances, was for me to deny injunctive relief in accordance with the jury's verdict on liability. *See, e.g.*, *Ocean State Physicians Health Plan, Inc. v. Blue Cross & Blue Shield of R.I.*, 883 F.2d 1101, 1106 (1st Cir. 1989) ("In a case of this sort, involving prayers for both damages and injunctive relief, a jury finding of liability is ordinarily a prerequisite to the court's equitable consideration of injunctive relief."); *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1092 (7th Cir. 1986) ("Plaintiffs try to argue that what the jury decided was that the defendants were not liable for monetary damages. They then argue that the district court should have redecided every claim raised by plaintiffs to decide whether equitable relief was warranted. This argument is meritless, because it improperly attempts to combine the separate issues of liability and relief. The jury found, as a preliminary matter, that the plaintiffs had failed to prove liability, (*i.e*., that the defendants had violated the plaintiffs' constitutional rights). Thus, the jury never had to reach the issue of legal relief (monetary damages). Plaintiffs do not suggest a single *liability* issue on the equitable claims which was not common to the legal issues decided by the jury. Therefore, it is clear that Judge Barker did not abdicate her responsibility as judge by applying the jury's verdicts on the legal issues

---

[3] In her reply brief, the plaintiff asserts, "[D]uring a pretrial conference with the Court, the parties specifically discussed evidence concerning Plaintiff's current condition, and acknowledged that any such evidence could be presented to the Court alone." Plaintiff's Reply Memorandum in Support of Her Motion for a New Trial, or To Alter or Amend the Judgment (Docket No. 123) at 3 n.2. Presumably, she refers to a conference with counsel held February 10, 2006 during which her counsel sought clarification of my ruling precluding introduction at trial of belatedly disclosed medical records. Her counsel stated that there were two issues – a jury claim for damages and current symptomatology relevant to her client's request for injunctive relief. Her counsel suggested that, with respect to the latter issue, the court (outside of the jury's presence) could hear evidence regarding the plaintiff's current symptoms. Even assuming *arguendo* that opposing counsel agreed this procedure might be appropriate, he cannot be said to have consented to withdrawal of a portion of the liability question from the jury. The plaintiff's counsel's suggestion was equally compatible with a scenario in which the jury found liability and the court then considered whether an award of injunctive relief remained appropriate (for example, whether the plaintiff remained "disabled"). *See, e.g.*, 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2942, at 47-48 (2d ed. 1995) (mootness is ground for denying injunctive relief).

to identical equitable issues.") (emphasis in original); *Moore v. Sun Oil Co. of Pa*., 636 F.2d 154, 157 (6th Cir. 1980) ("Since Moore's claim for legal relief and equitable relief are both based on alleged racial discrimination and since Moore was entitled to a jury trial with respect to his legal claims, he was entitled to have a jury determine liability (i.e. whether he had been a victim of racial discrimination). If the jury so determined that [t]here was liability, it would be for the court to determine whether Moore was entitled to back pay.") (citation omitted).

The plaintiff's request for a new trial, or alteration or amendment of judgment, to address equitable issues accordingly is denied.

**B. Motion for New Trial On Other Grounds**

The plaintiff next – and finally – moves for a new trial on two other grounds: that the jury's verdict was against the weight of the evidence and/or was tainted by counsel's misconduct. *See* Motion at 6-11. The First Circuit has cautioned:

> A verdict may be set aside and new trial ordered when the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a clear miscarriage of justice. In reaching its decision, the district court has broad legal authority to determine whether or not a jury's verdict is against the clear weight of the evidence. Nonetheless, the trial judge's discretion, although great, must be exercised with due regard to the rights of both parties to have questions which are fairly open resolved finally by the jury at a single trial. Thus, the district court judge cannot displace a jury's verdict merely because he disagrees with it or would have found otherwise in a bench trial. The mere fact that a contrary verdict may have been equally – or even more easily – supportable furnishes no cognizable ground for granting a new trial.

*Ahern v. Scholz*, 85 F.3d 774, 780 (1st Cir. 1996) (citations and internal quotation marks omitted). In this case, only three witnesses testified: the plaintiff, her former therapist and defendant Theresa Desfosses. Much hinged on their credibility. The plaintiff suggests that the defendants failed to "rebut" her evidence, *see* Motion at 7-8; however, defense counsel subjected both the plaintiff and her therapist to lengthy and pointed cross-examination, eliciting damaging testimony from both, and

underscored the absence of certain information from her documentation. In the end, the jury reasonably could have gone either way. Its verdict was not against the clear weight of the evidence.

With respect to counsel misconduct, the First Circuit has observed:

> We agree with the Sixth Circuit that in assessing the effect of improper conduct by counsel, a court must examine, on a case-by-case basis, the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case (e.g. whether it is a close case), and the verdict itself.

*Forrestal v. Magendantz*, 848 F.2d 303, 309 (1st Cir. 1988) (citation and internal quotation marks omitted). Grant of a new trial on this ground is appropriate when (i) counsel indeed engaged in improper conduct, and (ii) a court can "say with fair assurance that the judgment was substantially swayed by the error." *Ahern*, 85 F.3d at 791 (citations and internal punctuation omitted).

The plaintiff underscores two instances of improper conduct on the part of defense counsel: (i) a line of questioning in which he sought to elicit from her, in the face of multiple objections and court admonitions, assertedly attorney-client privileged matter, and (ii) his impermissible reference at closing argument to the "fact" that she had not continued to seek therapy (when in fact, as he well knew, she had, but had been precluded from so testifying as a result of belated disclosure of medical records). *See* Motion at 9-11. The plaintiff fails to support her contentions with relevant trial-transcript excerpts highlighting allegedly improper questions and comments. In any event, with respect to defense counsel's claimed improper cross-examination, I am satisfied that I dealt appropriately with any issues that arose so as to ensure the integrity of a fair trial. With respect to closing argument, I agree that defense counsel's comment suggesting – falsely – that the plaintiff had discontinued therapy was improper. However, when the plaintiff's counsel requested a curative instruction after the jury charge – which itself following closing arguments – I made the judgment that a curative instruction regarding that single, brief reference at that time would only have drawn unnecessary

attention to it. I am satisfied that, viewed against the backdrop of the totality of the trial, including closing arguments, defense counsel's misguided comment did not have the effect of substantially swaying the jury's judgment.[4]

The plaintiff's request for a new trial on these grounds accordingly is denied.

***SO ORDERED.***

Dated this 14th day of April, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

[4] The plaintiff also decries assertedly prejudicial statements made by defense counsel about her counsel and her therapist during closing argument. *See* Motion at 11 & n.3. Defense counsel's comments about the plaintiff's therapist – while unflattering – were not improper. Defense counsel did improperly suggest, by pointing at the plaintiff's current counsel, that she was responsible for failing to provide requested documentation when he knew that the plaintiff was represented at the time of the request by different counsel. Nonetheless, this misstep was made in the context of, and overshadowed by, a larger, permissible argument that the plaintiff's counsel had not honored an agreement made during Maine Human Rights Commission proceedings to provide certain documentation to the defendants in exchange for sparing the plaintiff from cross-examination. I am satisfied that, in the totality of the circumstances, the sting of the improper gesture was not such as to substantially sway the jury's verdict.